UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PAUL JUNGER, an individual,

              Plaintiff,

     v.

CITY OF TACOMA, a Washington municipal corporation,

              Defendant.

No.  3:26-cv-05721

COMPLAINT FOR DAMAGES

**JURY DEMAND**

NOW COMES THE PLAINTIFF, by and through his attorney, and complains against Defendant as follows:

## I.    INTRODUCTION

1.  Plaintiff Paul Junger ("Plaintiff" or "Deputy Chief Junger") brings this action against his former employer, Defendant City of Tacoma ("City" or "Defendant"), for wrongful termination in violation of public policy.

2.  This case arises from the retaliatory termination of a senior law enforcement executive who reported misconduct within the Tacoma Police Department. Plaintiff Paul Junger served as Deputy Chief, a position of significant authority and responsibility, and was charged with ensuring that the Department operated lawfully, ethically, and in the public interest. When Plaintiff fulfilled that duty by reporting misconduct involving misuse of government funds and

COMPLAINT FOR DAMAGES
Page 1

TAREN LAW GROUP PLLC
705 Second Avenue, Suite 1500
Seattle, Washington 98104
(206) 622-1604

violations of policy by then-Chief of Police Avery Moore, Defendants did not investigate the wrongdoing. Instead, they removed the person who reported it.

3.    Washington has a clear and well-established public policy protecting government employees who report improper governmental action. That policy is codified in RCW 42.41, which expressly encourages the reporting of misuse of public funds and prohibits retaliation against employees who make such reports in good faith. Plaintiff's conduct falls squarely within that protected activity. His termination, which followed closely on the heels of his disclosures, violated that public policy.

4.    Washington law also embodies a fundamental public policy requiring that public employees be afforded basic fairness and due process before being deprived of their employment and professional reputation. Those principles are reflected in municipal policies, civil service protections, and longstanding constitutional requirements that public employees be given notice of allegations and a meaningful opportunity to respond before discipline is imposed. Plaintiff was denied those protections.

5.    Defendant attempted to justify Plaintiff's termination through an investigation that was biased, procedurally deficient, and outcome-driven. Plaintiff was denied a fair opportunity to respond to allegations, was not provided the evidence against him, and was not afforded the basic procedural protections required before terminating a senior public employee. The investigation ignored exculpatory witnesses, relied on speculation, and functioned as a pretext for retaliation.

6.    The result was the destruction of Plaintiff's career and reputation in the law enforcement community. This lawsuit seeks to hold Defendant accountable for terminating a whistleblower and to vindicate the strong public policy of the State of Washington protecting those who report governmental misconduct.

COMPLAINT FOR DAMAGES
Page 2

TAREN LAW GROUP PLLC
705 Second Avenue, Suite 1500
Seattle, Washington 98104
(206) 622-1604

7.  To the fullest extent available under the law Plaintiff Junger is seeking damages for the economic damages he suffered, along with non-economic damages for substantial emotional distress.

## II.       PARTIES, JURISDICTION, AND VENUE

8.  Plaintiff is an individual residing in Northlake, Texas, who was employed by the City of Tacoma as Deputy Chief of Police at all relevant times.

9.  Defendant is a municipal corporation organized under the laws of the State of Washington, responsible for the Tacoma Police Department and the employment policies applicable to Deputy Chief Junger.

10. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331.

11. The parties are residents of different states and the matter in controversy exceeds $75,000. This Court also has proper diversity jurisdiction under 28 U.S.C. §1332.

12. This Court has supplemental jurisdiction over Plaintiff's Washington common law claims under 28 U.S.C. §1367, because the claims are so related to the claims which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

13. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's allegations occurred in the Western District of Washington, the subject employer is located in this District, and Defendants reside and/or do business in this District.

## III.      FACTUAL ALLEGATIONS

14. Plaintiff has devoted more than thirty-five years to law enforcement service and has built a career grounded in integrity, accountability, and adherence to policy. Prior to joining the Tacoma Police Department, Plaintiff served with the Dallas Police Department, where he rose through the ranks and held leadership positions overseeing major divisions.

COMPLAINT FOR DAMAGES
Page 3

15. Plaintiff's career included command-level responsibilities in operations, training, and internal integrity functions, all of which required strict adherence to policies and the fair and consistent application of standards.

16. Based on this experience, Plaintiff was recruited to serve as Deputy Chief of the Tacoma Police Department. In that role, Plaintiff was responsible for overseeing significant operational and administrative functions and for ensuring compliance with departmental policies and legal requirements.

17. Under the direction of the Police Chief, Plaintiff's job included:

  A.  assisting in the overall direction of the department's internal operations;

  B.  directing assigned activities of the Tacoma Police Department;

  C.  assuring the effective protection of lives, property and constitutional rights through the enforcement of laws and ordinances;

  D.  formulating, developing, implementing and evaluating departmental policies, goals and objectives;

  E.  serving as the second in command and Acting Chief in the absence of the Police chief;

  F.  managing internal departmental strategic projects and serving as the point person for departmental collective bargaining;

  G.  coordinating the work of the bureaus with authority to assign tasks;

  H.  managing the Police Chief's Office and coordinating internal departmental functions such as public relations, public information and legal.

18. Plaintiff understood that his role required him to address misconduct when it arose, regardless of the position of the individual involved.

19. During his tenure as Deputy Chief, Plaintiff became aware of conduct by then-Chief of Police Avery Moore that raised serious concerns regarding the use of public resources and compliance with departmental policy.

TAREN LAW GROUP PLLC
705 Second Avenue, Suite 1500
Seattle, Washington 98104
(206) 622-1604

20. Plaintiff observed and learned of conduct involving the unqualified hire of one of Chief Avery's close friend, Curtis Hairston and made a complaint, in writing, on January 25, 2023, directly to Chief Moore, documenting his concerns about Moore hiring his close friend who had unsatisfactory performance reviews, and was found to have engaged in insubordination.

21. Plaintiff Junger further complained to the City Attorney's Office on May 16, 2024, regarding this misconduct by Chief Moore.

22.  Additionally, Plaintiff witnesses the gross misuse of government funds, improper handling and approval of expenditures, and irregularities in timekeeping practices by Defendant.

23. These issues involved the use of taxpayer resources and implicated the integrity of the Department's leadership.

24. Plaintiff reasonably believed that the conduct constituted improper governmental action within the meaning of Washington law.

25. Plaintiff reported these concerns through appropriate channels within the City of Tacoma, including to internal HR, the City Attorney's Office, and the City Manager's Office.

26. This included a complaint made directly to the Deputy City Manager, Hyun Kim verbally in July 2024, and again in writing on October 25, 2024, where he stated he was being subjected to retaliation and constructive termination from Chief Avery Moore.

27. Plaintiff also made a complaint made directly to Chief Moore, Assistant Chief Haskins, City Attorney, Erik Furer, and Dylan Carlson with the Labor Department in writing on August 16, 2024, and again on August 21, 2024 where Plaintiff raised overtime concerns regarding waste, fraud or abuse and ordering the actions to cease and desist and requested HR and a legal review before approving future overtime.

28. Plaintiff was aware of a nearly $2,000,000 shortfall in the TPD budget, caused, in part, by excessive overtime assignments to TPD officers.

COMPLAINT FOR DAMAGES
Page 5

TAREN LAW GROUP PLLC
705 Second Avenue, Suite 1500
Seattle, Washington 98104
(206) 622-1604

29. Plaintiff was also concerned about salaried individuals being improperly assigned overtime which was depriving sergeants and officers of appropriately assigned hours and wages.

30. Plaintiff made these reports in good faith.

31. Following Plaintiff's reports of misconduct, his relationship with senior leadership materially changed.

32. Plaintiff's complaints about the unlawful conduct of Chief Moore were relayed to Chief Moore on or around August 5, 2024, by the Tacoma City Manager and Deputy City Manager.

33. Within a short period of time after Plaintiff engaged in this protected activity, Defendants began targeting Plaintiff by, among other things, improperly placing him on administrative leave, removing his direct reports, excluding him in vital departmental meetings, and instructing individuals not to communicate with or report to Plaintiff, and essentially relegating him to his office and excluding him from leadership meetings.

34. After Chief Moore learned of Plaintiff's complaints, Chief Moore confronted Plaintiff and questioned him about his loyalty and whether Plaintiff feared him.

35. Prior to Plaintiff's disclosures, there had been no indication that his employment was in jeopardy, and he had no disciplinary record with the Tacoma Police Department.

36. After Plaintiff reported misconduct by Chief Moore, everything changed related to his employment. Chief Moore first attempted to isolate Plaintiff. When Plaintiff continued to make complaints about Chief Moore's conduct and not give him the blind loyalty that Chief Moore demanded from him, Chief Moore instigated a gender and race discrimination complaint to be made about Plaintiff by Chief Moore's friend, Assistant Chief Crystal Haskins.

37. Chief Moore placed Plaintiff on administrative leave without following departmental procedures, and against the guidance of TPD's EEO officer, before any written complaint had even been submitted against Plaintiff.

COMPLAINT FOR DAMAGES
Page 6

38. Public media immediately learned about Plaintiff being put on administrative leave which widely published the information damaging Plaintiff's reputation and public standing.

39. Plaintiff complained to HR that the alleged complaint was retaliation.

40. In a meeting on November 12, 2024, HR confirmed that administrative leave was not warranted and that no complaint had been communicated to HR at that time.

41. HR ordered Chief Avery to return Plaintiff from administrative leave.

42. The day before Plaintiff was returned from leave, HR was presented with a written complaint from Assistant Chief Crystal Haskins accusing Plaintiff of gender and race discrimination.

43. The allegations were false and Plaintiff did not engage in discrimination or the creation of an unlawful hostile work environment.

44. Without any coordination or reasonable notice to Plaintiff, Defendant hired a private law firm to investigate Plaintiff.

45. The investigation was limited in scope and failed to include a representative sample of witnesses, despite the size of the Department and the number of individuals who had interacted with Plaintiff.

46. On information and belief, Defendant, including but not limited to Chief Moore and the City Manager's office, directed the scope and procedures of the investigation to ensure an adverse finding against Plaintiff in retaliation for his complaints about Chief Moore's misconduct and to cause his termination and discreditation.

47. The investigation relied on subjective allegations without conducting a meaningful comparative analysis of similarly situated employees.

48. Numerous individuals with direct knowledge of Plaintiff's conduct and leadership were not interviewed.

49. The investigator discounted or ignored evidence favorable to Plaintiff, including testimony and written communications that contradicted the allegations against him.

COMPLAINT FOR DAMAGES
Page 7

TAREN LAW GROUP PLLC
705 Second Avenue, Suite 1500
Seattle, Washington 98104
(206) 622-1604

50. The investigation departed from accepted standards for workplace investigations and was structured in a way that supported a predetermined conclusion.

51. Plaintiff was not provided with adequate notice of the specific allegations against him during the investigation.

52. Plaintiff was not informed of the identities of the individuals making allegations against him.

53. Plaintiff was not provided access to the evidence upon which the investigation relied.

54. Plaintiff was not given a meaningful opportunity to respond to specific allegations before conclusions were reached.

55. The investigation and the discipline that Plaintiff was subjected to departed significantly from the treatment of other high-ranking officers accused of misconduct.

56. The City of Tacoma and Tacoma PD maintain policies and practices requiring that employees subject to discipline be provided notice of allegations and an opportunity to respond before adverse action is taken.

57. Plaintiff was not afforded a pre-disciplinary hearing prior to his termination. The failure to provide these basic procedural protections violated fundamental principles of fairness applicable to public employment. These procedural deficiencies further demonstrate that the investigation and termination were pretextual.

58. Defendant had an obligation to allow Plaintiff to address the complaints against him but failed to do so by withholding the unredacted investigation report from him and making the decision to terminate Plaintiff's employment before he had any meaningful opportunity to respond to the allegations against him.

59. Defendant terminated Plaintiff's employment on March 31, 2025.

60. The termination occurred shortly after Plaintiff engaged in protected whistleblowing activity.

COMPLAINT FOR DAMAGES
Page 8

TAREN LAW GROUP PLLC
705 Second Avenue, Suite 1500
Seattle, Washington 98104
(206) 622-1604

61. Defendant used the results of the false allegations and flawed investigation as a pretext to form the basis for a retaliatory termination.

62. Defendant sent an email to all staff about Plaintiff's separation on that date which was immediately released to the press.

63. Even though Plaintiff was told that he could have a name-clearing opportunity he was not given one in any meaningful way as the termination decision had already been made and publicly disseminated.

64. The investigation's findings were the product of a biased and procedurally deficient process. The true reason for Plaintiff's termination was retaliation for his reports of misconduct and the desire to remove a senior official who raised concerns about misuse of public funds. Defendant's actions were intended to silence Plaintiff and to deter others from reporting misconduct.

65. As a result of Defendants' conduct, Plaintiff has suffered substantial economic and non-economic damages.

66. Plaintiff has lost wages, benefits, and retirement opportunities associated with his position.

67. Plaintiff's reputation within the law enforcement community has been significantly damaged.

68. Plaintiff has experienced emotional distress as a result of the circumstances surrounding his termination.

69. Plaintiff's future employment opportunities have been materially diminished.

70. Defendant's termination of Plaintiff based on the flawed and investigation was a pretext for retaliation for his opposition to unlawful government conduct.

71. The above actions were taken maliciously and/or with reckless disregard for the rights of Plaintiff, and caused him significant and lasting emotional distress as well as substantial economic damages.

COMPLAINT FOR DAMAGES
Page 9

72. Plaintiff served a Notice of Tort Claim on Defendant on December 16, 2025, and more than 60 days have elapsed.

## IV.    CLAIMS FOR RELIEF

### CLAIM I – 42 U.S.C. § 1983 – DEPRIVATION OF LIBERTY WITHOUT DUE PROCESS OF LAW 14TH AMENDMENT TO THE US CONSTITUTION

73. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

74. At all times relevant, Defendant acted under color of the statutes, ordinances, regulations, customs, usages, and authority of the State of Washington and the City of Tacoma.

75. The Fourteenth Amendment to the United States Constitution prohibits a state or local governmental entity from depriving a person of liberty without due process of law.

76. Plaintiff possessed a constitutionally protected liberty interest in his good name, reputation, honor, integrity, and ability to pursue his chosen profession as a law enforcement executive.

77. Plaintiff devoted more than three decades to public service in law enforcement and had established a professional reputation for integrity, leadership, and ethical conduct prior to the events alleged herein.

78. Defendant terminated Plaintiff's employment based upon allegations that Plaintiff had engaged in unlawful discrimination and other serious workplace misconduct.

79. The allegations upon which Defendant relied were false.

80. The allegations were of a nature that called into question Plaintiff's honesty, integrity, fitness for command, and suitability to continue serving in law enforcement.

81. Defendant knew or reasonably should have known that allegations of discrimination and misconduct against a Deputy Chief of Police would seriously impair Plaintiff's ability to obtain future employment in law enforcement and public administration.

82. Following the decision to terminate Plaintiff, Defendant publicly communicated, directly or indirectly, that Plaintiff had been terminated based upon allegations of

COMPLAINT FOR DAMAGES
Page 10

TAREN LAW GROUP PLLC
705 Second Avenue, Suite 1500
Seattle, Washington 98104
(206) 622-1604

discrimination and misconduct, including communications to members of the press and other third parties.

83. Defendant's publication of these allegations occurred in connection with Plaintiff's termination and imposed a stigma that foreclosed or substantially impaired Plaintiff's ability to pursue future employment in his chosen profession.

84. Prior to terminating Plaintiff's employment and publicly disseminating the reasons for that termination, Defendant did not provide Plaintiff with a meaningful opportunity to refute the allegations, challenge the evidence relied upon by Defendant, present exculpatory evidence, confront the factual basis for the accusations, or otherwise clear his name before the termination decision became final.

85. Although Defendant later permitted Plaintiff to submit a response contesting the allegations against him, that opportunity occurred only after Defendant had already decided to terminate Plaintiff's employment, communicated that decision to Plaintiff, and publicly disseminated the reasons for his termination.

86. The post-termination process afforded to Plaintiff was not meaningful because Defendant did not reopen the investigation, reconsider the termination decision, conduct additional investigation, interview material witnesses identified by Plaintiff, or otherwise undertake a genuine review of Plaintiff's response before affirming the termination.

87. Instead, Defendant merely accepted Plaintiff's submission for inclusion within the investigative file while leaving the termination decision unchanged.

88. Defendants therefore failed to provide Plaintiff with a meaningful name-clearing opportunity before or after depriving him of his protected liberty interest.

89. The deprivation of Plaintiff's liberty interest was carried out pursuant to the decision, policy, practice, custom, or ratification of officials possessing final policymaking authority for the City of Tacoma with respect to the termination of senior command staff within the Tacoma Police Department.

COMPLAINT FOR DAMAGES
Page 11

90. The constitutional violations described herein were committed intentionally, knowingly, or with deliberate indifference to Plaintiff's federally protected rights.

91. As a direct and proximate result of Defendants' deprivation of Plaintiff's liberty without due process of law, Plaintiff has suffered loss of employment, loss of future earning capacity, damage to his professional reputation, emotional distress, humiliation, loss of career opportunities.

**CLAIM II –WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY – RETALIATION FOR COMPLAINTS ABOUT GOVERNMENTAL WASTE AND MISCONDUCT**

92. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

93. Washington law recognizes a cause of action for wrongful termination in violation of public policy.

94. The tort for wrongful discharge in violation of public policy is recognized as a means of encouraging employees to follow the law and preventing employers from using the at-will doctrine to subvert those efforts to promote public policy.

95. To state a cause of action, the plaintiff must plead and prove that his or her termination was motivated by reasons that contravene an important mandate of public policy. *Becker v. Cmty. Health Sys., Inc.*, 184 Wn.2d 252, 359 P.3d 746 (2015). The Washington Supreme Court has identified four scenarios under which wrongful discharge claims arise:

(1) where employees are fired for refusing to commit an illegal act;

(2) where employees are fired for performing a public duty or obligation, such as serving jury duty;

(3) where employees are fired for exercising a legal right or privilege, such as filing workers' compensation claims; and

(4) where employees are fired in retaliation for reporting employer misconduct. *Becker*, 184 Wn.2d at 259; *Gardner v. Loomis Armored, Inc.*, 128 Wn.2d 931, 936, 913 P.2d 377 (1996) (citing *Dicomes v. State*, 113 Wn.2d 612, 618, 782 P.2d 1002 (1989).

TAREN LAW GROUP PLLC
705 Second Avenue, Suite 1500
Seattle, Washington 98104
(206) 622-1604

96. A clear mandate of public policy exists in Washington protecting government employees who report improper governmental action, including misuse of public funds.

97. That public policy is expressly reflected in RCW 42.41 *et seq.*, which encourages the reporting of such misconduct and prohibits retaliation against employees who make disclosures in good faith.

98. Plaintiff engaged in conduct that directly furthers these public policies by reporting misconduct involving misuse of government funds and by attempting to respond to allegations through a fair process.

99. Defendant terminated Plaintiff in retaliation for his protected conduct and without providing him the basic procedural protections required by law and public policy.

100.    Plaintiff's protected conduct and Defendants' failure to provide due process were substantial factors in the decision to terminate his employment.

101.    Defendants' actions undermine Washington's public policy by discouraging employees from reporting governmental misconduct and by permitting termination without fundamental fairness.

102.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages including lost wages, lost benefits, emotional distress, and reputational harm.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests as follows:

A.  That this case be tried to a jury.

B.  That Plaintiff be awarded general damages to compensate him for the economic loss damages that he suffered resulting from Defendant's conduct including past and future wage loss, pre-judgement interest and post judgment interest, and adverse tax consequences;

C.  That Plaintiff be awarded noneconomic damages to compensate him for the emotional injuries that he has suffered resulting from Defendant's conduct.

COMPLAINT FOR DAMAGES
Page 13

**TAREN LAW GROUP PLLC**
705 Second Avenue, Suite 1500
Seattle, Washington 98104
(206) 622-1604

D.  That Plaintiff be awarded his attorney's fees recoverable pursuant to 42 U.S.C. § 1988, costs of suit, and other damages according to proof.

E.  That this Court grant Plaintiff such additional relief as it sees fit and just.

Respectfully submitted this 2nd day of July, 2026:

By: *s/ Jordan A. Taren*_____
   Jordan A. Taren, WSBA No. 50066
   Taren Law Group PLLC
   705 Second Avenue, Suite 1500
   Seattle, WA 98104
   Telephone: (206) 622-1604
   Email:   jtaren@tarenlaw.com
   Attorney for Plaintiff

COMPLAINT FOR DAMAGES
Page 14

**TAREN LAW GROUP PLLC**
705 Second Avenue, Suite 1500
Seattle, Washington 98104
(206) 622-1604